# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. STONE, ) | |
| ) | Civil Action No. 14 – 730 |
| Plaintiff, ) | |
| ) | District Judge Mark R. Hornak |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| FREDDY NUNEZ, *Hearing Examiner*, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint be dismissed with prejudice for failure to state a claim. It is further recommended that the Motion to Take Part in Mediation (ECF No. 9) be denied as moot.

### II. REPORT

Christopher M. Stone ("Plaintiff") is a state prisoner currently incarcerated at SCI-Benner Township in Bellefonte, Pennsylvania. In his Complaint, Plaintiff alleges that he was denied his right to procedural due process protections in connection with a disciplinary hearing held on February 3, 2014, while he was an inmate at SCI-Greene. More specifically, Plaintiff states that he was issued a misconduct for forging grievances even though he claimed that he was assisting another inmate file the grievances. Plaintiff alleges that he was not permitted to present any evidence as part of his defense at his disciplinary hearing, including the testimony of the inmate

1

he was assisting. Despite Plaintiff's claim that there was no proof of wrongdoing to support the misconduct, Defendant Nunez, the hearing examiner, found him guilty of forgery and sanctioned him to 90 days of disciplinary custody. Plaintiff appealed the finding of guilt and his appeal was upheld on the final level. The appeal results state that the hearing examiner's findings of fact were vague and that there was no specific evidence relied upon to establish Plaintiff's guilt by a preponderance of the evidence. Plaintiff was given another hearing on May 9, 2014, at which time the misconduct was dismissed because the other inmate testified that he gave Plaintiff permission to file the grievances on his behalf.

### A. Screening

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). A plaintiff

must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

However, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e).

**B. Discussion**

Plaintiff alleges that he was denied due process in connection with his disciplinary proceedings because Defendant Nunez would not allow him to present evidence in support of his defense and because there was no evidence to support a finding of guilt.

The threshold question presented by Plaintiff's claim is whether the sanctions imposed for his misconduct impacted a constitutionally protected liberty interest which would invoke the procedural due process protections which he alleges he was denied. In this regard, the Supreme Court has held that prison conditions deprive a prisoner of a state created liberty interest that is protected by due process guarantees when they result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Applying this test, the Supreme Court concluded that the prisoner in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty-day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence. In making this determination, the Supreme Court looked at two basic factors: (1) the amount of time the prisoner was placed into disciplinary segregation; and (2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive. After reviewing these two factors, the Supreme Court concluded that thirty days in disciplinary detention, which was similar in many respects to administrative custody, did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.

Plaintiff was sanctioned to 90 days of disciplinary custody. Courts within this Circuit applying the standard announced in Sandin v. Conner, 515 U.S. 472 (1995), have found no protected liberty interest implicated by placement in disciplinary custody for longer amounts of

time. *See* Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2003) (Seven months disciplinary confinement did not implicate liberty interest); Griffin v. Vaughn, 112 F. 3d 703, 708 (3d Cir. 1997) (Finding that fifteen months in administrative custody did not deprive plaintiff of a liberty interest and thus he was not entitled to procedural due process protection.); Young v. Beard, 227 F. App'x 138, 141 (3d Cir. 2007) (holding that absent allegations showing that conditions in disciplinary confinement for 930 days imposed atypical and significant hardship on an inmate in relation to ordinary incidents of prison life, the inmate was not entitled to procedural protections required by due process during prison disciplinary proceedings). As such, Plaintiff's allegations do not support an entitlement to procedural due process protections with regard to his disciplinary hearing.

It is unclear whether Plaintiff also claims that he was falsely accused of the misconduct. To the extent he makes such a claim, it too fails because he was not deprived of any protected liberty interest. In this regard, it is well established that the act of filing a false disciplinary charge does not itself violate a prisoner's constitutional rights even if it may result in the deprivation of a protected liberty interest. *See* Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988). Instead, inmates have the right not to be deprived of a protected liberty interest without due process of law. *See* id. at 952-53 (holding that "the mere filing of [a false] charge" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and he had the opportunity to rebut the unfounded or false charges"). Assuming Plaintiff was falsely accused of the misconduct, there was no constitutional violation because Plaintiff was not deprived of a protected liberty interest (as explained *supra*)

which would have given rise to procedural due process protections. *See*, *e.g.*, Strong v. Ford, 108 F.3d 1386, published in full-text format at 1997 U.S. App. LEXIS 5176, 1997 WL 120757 (9th Cir. 1997) (the alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by section 1983 when it does not result in the imposition of atypical hardship on the inmate in relation to the ordinary incidents of prison life). Therefore, Plaintiff fails to state a claim in this regard.

### C. Amendment of the Complaint

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing, irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). The undersigned is cognizant of these holdings, but find that allowing for amendment by Plaintiff would be futile. A careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his *pro se* status, fails to state any claims under § 1983 for which relief may be granted. For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint be dismissed with prejudice for failure to state a claim. It is further recommended that the Motion to Take Part in Mediation (ECF No. 9) be denied as moot.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  July 22, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Christopher M. Stone
JV 0262
SCI Benner Township
301 Institution Drive
Bellefonte, PA  16823
*(Via First Class Mail)*